UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JO ELLYN SCHIPPER,

        Plaintiff,

v.

                                  Civil Case No. 19-12163
                                  Honorable Linda V. Parker

COMMISSIONER OF
SOCIAL SECURITY,

        Defendant.
_____/

## OPINION AND ORDER GRANTING MOTION FOR AUTHORIZATION OF ATTORNEY FEES PURSUANT TO 42 U.S.C. § 406(b)

Plaintiff commenced this action to appeal a final administrative decision denying her claim for benefits under the Social Security Act. On June 8, 2020, the Court remanded the matter to the Social Security Administration for further action pursuant to sentence four of 42 U.S.C. § 405(g). (ECF No. 23.) On remand, Plaintiff was found disabled as of September 18, 2009, and awarded past due benefits beginning 12 months before her application for benefits, or June 23, 2016. (ECF No. 27-1.) In its notice informing Plaintiff of her entitlement to benefits, the Social Security Administration notified Plaintiff that it was withholding $24,356.00 in benefits, representing an award of attorney's fees equal to 25% of the total amount of past due benefits to which Plaintiff is entitled. (*Id.* at Pg ID 1117.)

The matter is presently before the Court on a motion for authorization of attorney's fees pursuant to 42 U.S.C. § 406(b), filed by Plaintiff's counsel. (ECF No. 27.) In the motion, counsel requests fees in the amount of $12,625.00, and provides that she also is requesting an additional fee of $5,500 at the administrative level for her representation of Plaintiff on remand. (*Id.* at Pg ID 1106, ¶ 9.) Plaintiff's counsel further indicates that she will repay Plaintiff the $4,418.75 in attorney's fees previously awarded under the Equal Access to Justice Act. (*Id.* at Pg ID 1107, ¶ 11.)

The amount counsel requests is consistent with the Contingency Fee Contract between counsel and Plaintiff, which states that "[i]f benefits are awarded . . . following a remand, the *maximum* fee shall be 25% of the total accrued payable to the claimant." (ECF No. 27-4 at Pg ID 1137 (emphasis in original); *see also* ECF No. 27-5 at Pg ID 1144.) Counsel also recently informed Plaintiff of the fee petition and provided Plaintiff with a copy of her motion and its attachments. (ECF No. 27-7.) Counsel advised Plaintiff to inform the Court in writing if she had any objections or concerns regarding the fee request. (*Id.*) The Court has not been contacted by Plaintiff. Defendant does not object to the requested relief. (ECF No. 28.)

Section 406(b) authorizes a court to award a social security claimant the fees for his or her representative in an amount not to exceed 25 percent of the total of

the past-due benefits to which the claimant is entitled. 42 U.S.C. § 406(b). While fee awards are possible under both §406(b) and the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, Congress provided that "the claimant's attorney must 'refund to the claimant the amount of the smaller fee.'" *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002) (quoting Pub. L. 99-80, § 3, 99 Stat. 186). The total fees requested by counsel here and at the administrative level do not exceed 25 percent of the total past-due benefits awarded.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Authorization of Attorney Fees Pursuant to § 406(b) of the Social Security Act is **GRANTED** and Plaintiff's counsel is awarded fees in the amount of $12,625.00.

**IT IS FURTHER ORDERED** that Plaintiff's counsel shall refund to Plaintiff the $4,418.75 previously awarded under the Equal Access to Justice Act.

**IT IS SO ORDERED.**

                                                s/ Linda V. Parker
                                                LINDA V. PARKER
                                                U.S. DISTRICT JUDGE

Dated: April 6, 2022